In the Matter of 1593 FULTON STREET BAR & GRILL, INC., Petitioner, against JOHN F. O'CONNELL et al., Individually and as Members of the State Liquor Authority, Respondents.— Determination of State Liquor Authority annulled and the matter remitted to said authority for a rehearing in order to determine specifically the issue of fact as to whether the persons observed drinking after the closing hour were employees of petitioner, as claimed. On the record before us the proof as to this issue is meager and the authority apparently failed to make any determination thereon. Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.

In the Matter of the Accounting of IDA G. S. GEISSLER et al., as Trustees under the Will of LOUIS F. GEISSLER, Deceased, Respondents. HOLLY C. GEISSLER, Individually and as Ancillary Administratrix C.T.A. of ARTHUR D. GEISSLER, Deceased, and as Administratrix D.B.N. of the Estate of ALLEN M. GEISSLER, Deceased, Appellant; DAVID GLICKMAN, as Special Guardian for LOUIS R. GEISSLER and Others, Infants, Respondents.—Appeal by the representative of the estate of a remainderman and of the estate of the remainderman's father, his sole distributee, from those parts of a decree of the Surrogate's Court, Suffolk County, which construe subdivision (c) of section (A) of article VIII of the testator's will as creating a remainder of one tenth of the principal of the trust not absolutely vested in the appealing remainderman, but subject to be divested upon his death, without living descendants, prior to the death of the life beneficiary; and, since that contingency actually occurred, the bequest in remainder lapsed and the remainder passed as intestate property of the testator. Decree, insofar as appealed from, unanimously affirmed, with costs to all parties filing briefs, payable out of the estate of Louis F. Geissler, deceased. No opinion. Present — Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ.